SHEPHERD, J.
This is an appeal from the trial court’s denial of a petition for a writ of habeas corpus, seeking leave to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure Rule 3.850, out of time, on the ground of ineffective assistance of his privately retained postconviction counsel. We affirm the decision of the trial court.
FACTUAL BACKGROUND
This case arises out of a judgment of conviction and sentence of the appellant, Ronald Neloms, for first-degree felony murder with a firearm and attempted robbery with a firearm. Following his conviction and sentence, Neloms and his family retained Norman Malinski to represent Neloms on his direct appeal to this Court. On December 28, 2005, we affirmed the appellant’s conviction and sentence without opinion. See Neloms v. State, 917 So.2d 878 (Fla. 3d DCA 2005) (table). The mandate issued on January 13, 2006.
On December 7, 2007, Malinski was retained by Neloms’ family to represent Nel-oms in postconviction proceedings. On March 14, 2008, Malinski filed a Verified Petition for Writ of Habeas Corpus, pursu *943 ant to 28 U.S.C. § 2254, in the United States District Court in and for the Southern District of Florida. The petition was denied on September 8, 2008. Neloms learned of the disposition on January 19, 2009. The only communication between Neloms and Malinski between the time Malinski was retained for postconviction purposes on December 7, 2007, and the denial of the federal habeas petition, was the correspondence necessary to secure Neloms’ verification of the federal habeas petition.
After learning of the denial of the federal habeas petition, Neloms consulted a prison law clerk, who advised him that his counsel failed to follow the much more usual course of seeking postconviction relief in the state court before proceeding to the United States District Court. On February 6, 2009, Neloms filed his pro se petition for writ of habeas corpus, seeking leave to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
In the petition, Neloms asserted that he at all times “understood” Malinski “was going to proceed with filing a motion for postconviction relief [in state court] alleging claims of ineffective assistance of trial counsel.” He based his understanding on a letter he received from Malinski, transmitting a copy of the Initial Brief during his representation of Neloms on the direct appeal. Malinski wrote:
You are right that the “next round” is coming. Either the Court of Appeals will reverse the judgment and sentence, or there are additional methods available to attack the proceedings. Some of those methods will involve what your lawyer did not do in preserving the Record and in preserving your rights.
At an evidentiary hearing held'on the petition,[1] Neloms’ mother, Debra Neloms, testified she hired and paid Malinski to represent her son on the direct appeal and in postconviction proceedings. Because her son was in prison, she was the “lead” family member for this purpose. She professed not to understand the difference between a state postconviction proceeding and a federal writ of habeas corpus. She testified she simply hired Malinski “to do the work,” trusting that, because he was paid, “he’s going to do what he’s suppose[d] to do.” She received no advice or warning from Malinski before her son’s deadline for filing a Rule 3.850 motion expired.
Norman Malinski’s testimony contrasts with that of Ms. Neloms. He testified he specifically was hired to file only the federal petition. According to Malinski, he “outlined” to Ms. Neloms the other avenues available for purposes of seeking relief from the judgment and sentence, including “proceeding] in the State system.” However, Malinski said Ms. Neloms “had no confidence” or interest in the State system. Malinski also felt that proceeding in the federal system “would perhaps be a fresher review.”
Based upon this testimony, the trial court found “there was [no] explicit hiring of Mr. Malinski to file the 3.850,” and further that “it was [not] sufficiently proven ... that there was a mistake on counsel ... in failing to file [a 3.850 motion].” The trial court denied the petition.
ANALYSIS
With limited exceptions, Florida Rule of Criminal Procedure 3.850 is the mechanism through which those convicted of *944 noncapital crimes, including crimes that may be classified as capital in the Florida Statutes, but where the defendant was not sentenced to death, are permitted to challenge their convictions and sentences in the Florida courts. See Baker v. State, 878 So.2d 1236, 1245 (Fla.2004). Initially adopted as Rule 1 of the Florida Rules of Criminal Procedure by the Florida Supreme Court in the wake of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the rule today reads as follows:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapi-tal case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the mov-ant or the movant’s attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or
(3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.
Fla. R. Crim. P. 3.850(b) (second emphasis added).
Neloms asserts the trial court misapplied the exception found in subsection (b)(3) to his case. The trial court found the evidence was insufficient to support a finding that Malinski was retained to file a Rule 3.850 motion. In so doing, the trial judge stated he particularly was “struck” by Malinski’s testimony that “Ms. Neloms was not comfortable [with] or had no confidence in the State’s system.” We conclude there was competent substantial evidence to support the finding of the trial court. See Jones v. State, 732 So.2d 313, 319 (Fla.1999) (reviewing for competent substantial evidence a trial court’s finding of no ineffectiveness of trial counsel); see also Drew v. Dep’t of Corrs., 297 F.3d 1278 (11th Cir.2002) (considering Rule 3.850(b)(3) motion in context of federal ha-beas petition); accord Nelson v. McNeil, Case No. 3:08-cv-1168-J-12TEM, 2010 WL 2103021, at *2-3 (M.D.Fla. May 20, 2010).
Finally, as to any claim Malinski himself was ineffective by passing over state court remedies in this case, we note that claims of ineffective assistance of postconviction counsel do not provide a valid basis for relief. See Waterhouse v. State, 792 So.2d 1176, 1193 (Fla.2001) (citing State ex rel. Butterworth v. Kenny, 714 So.2d 404, 408 (Fla.1998)).
Affirmed.

. Neloms and his family retained new counsel to represent Neloms on the evidentiary hearing and this appeal.